WILSON & Co., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 27591.) — Appeal from a judgment of the Court of Claims, entered December 31, 1943, in favor of claimant against the State for $2,672. The claim is for the purchase price of a quantity of butter which claimant had in storage and was sold to the State. Upon order from the State, claimant directed the warehouse company to transfer the butter to the State on December 23, 1942. This company mailed to the State its nonnegotiable receipt for the butter showing it had been transferred to the State's account by the claimant. This receipt was received by the State upon the opening of the State offices on December 28, 1942, and on the same date, when the warehouse was opened, it was discovered that the butter had been stolen. Judgment affirmed, with costs. All concur.

JAMES L. QUINN, as Deputy Commissioner of Public Welfare of ALBANY COUNTY, Respondent, v. JOSEPH DONNELLY, Appellant.— Defendant has appealed from an order of filiation made by the Children's Court of Albany County. The evidence sustains the determination. Order affirmed, without costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH SIRICO, Appellant, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent.— Relator-appellant appeals from an order of the Supreme Court, Special Term, Washington County, dismissing appellant's writ of habeas corpus. Appellant contends that the crime for which he was convicted in Federal court is a felony under the laws of the United States but is not a felony in New York State, and, therefore, he should be released from confinement. The order appealed from should be affirmed. Order appealed from affirmed, without costs. All concur. [See 268 App. Div. 836.]

In the Matter of ABE BAUM, Appellant, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent.— Appeal from an order of the Special Term entered in the Washington County clerk's office on May 5, 1943, denying application for peremptory mandamus. Petitioner asks that he have an order directing the Warden of Great Meadow Prison, where he is confined, to allow him to earn a reduction in his sentence. He was released on parole, the terms of which provided that if he violated his parole he should serve the unexpired portion of his sentence without commutation or compensation. He now contends that this condition was illegal. Order affirmed, without costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur; Brewster, J., taking no part.